

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00323-CR
No. 02-22-00324-CR

———————————————

NOEL RAMIREZ MARTIN, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 78th District Court
Wichita County, Texas
Trial Court Nos. DC78-CR2022-0752-1, DC78-CR2022-0752-2

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Chief Justice Sudderth

# MEMORANDUM OPINION

Appellant Noel Ramirez Martin attempts to appeal his convictions, but he waived his right of appeal as part of his plea bargain with the State.

Martin was charged with murder, unlawful possession of a firearm by a felon, and possession of a controlled substance. After a jury found him guilty of the first two charges, the State offered to dismiss the third charge if Martin agreed to 40 years' confinement for murder and 10 years' confinement for unlawful possession.[1] Martin agreed, and the trial court entered judgments of conviction in accordance with the plea bargain.[2]

"In a plea bargain case . . . a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal, or (C) where the specific appeal is expressly authorized by statute." Tex. R. App. P. 25.2(a)(2); *see* Tex. Code Crim. Proc. Ann. art. 44.02. The trial court must file a certification of the defendant's right of appeal, clarifying whether the case involved a plea bargain and whether the defendant waived his right of appeal. *See* Tex. R. App. P. 25.2(a)(2), (d).

---

[1]The plea bargain provided that Martin's two sentences would run concurrently.

[2]The trial court also imposed a fine of $100 for Martin's unlawful possession of a firearm, which appears to have been part of the plea bargain as well.

Martin's judgments of conviction state that "[a] Plea Agreement was reached," and the trial court signed certifications confirming that "the defendant has waived the right of appeal" and that the cases are "plea-bargain case[s], and the defendant has NO right of appeal."[3] Tex. R. App. P. 25.2(a)(2), (d).

Because criminal appeals "must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record," Tex. R. App. P. 25.2(d), we informed Martin that we could dismiss his appeals unless he showed grounds for continuing them. *See* Tex. R. App. P. 25.2(d), 44.3. Martin responded with a letter raising a myriad of complaints about the trial court proceedings. But none of his complaints address our jurisdictional concerns or show grounds for continuing his appeals. *See* Tex. R. App. P. 25.2(a)(2).

Accordingly, we dismiss Martin's appeals. *See* Tex. R. App. P. 25.2(d), 43.2(f).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: March 9, 2023

---

[3]The certifications were signed not only by the trial court but also by Martin and Martin's trial counsel. *See* Tex. R. App. P. 25.2(d).